UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Rios, | Case No.: 2:24-cv-00059-APG-BNW |
| Petitioner | **Order to Show Cause Why the Petition Should Not be Dismissed with Prejudice as Untimely and Unexhausted** |
| v. | |
| Warden Williams, | [ECF No. 1-1] |
| Respondents | |

  Petitioner Thomas Rios, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This matter comes before me for an initial review under the Rules Governing Section 2254 Cases.[1] Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). For the reasons discussed below, I order Rios to show cause why this petition should not be dismissed with prejudice as untimely and for failure to exhaust his claims in state court.

**I. Background**

  Rios challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Rios*, Case No. C-18-333869-2.[2] On August 30, 2021, the state court entered a judgment of conviction for second degree murder with use of a deadly

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

weapon and robbery.  The Nevada Supreme Court dismissed his direct appeal because he filed it well after the 30-day appeal period.  On May 25, 2023, Rios filed a state petition for writ of habeas corpus, which the state court denied.  *Rios v. State of Nevada*, Case No. A-23-871260-W.  It does not appear that Rios appealed the denial of this state habeas petition.

On January 8, 2023, Rios initiated this federal habeas corpus proceeding *pro se*. ECF No. 1.  Having reviewed his application, I grant Rios's application for leave to proceed *in forma pauperis*. ECF No. 1.

## II.  Discussion

### a.  Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254.  The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review.  *Id.* § 2244(d)(1)(A).  For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review.  *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending.  28 U.S.C. § 2244(d)(2).

When a state appellate court dismisses a direct appeal as untimely, the date of finality is the date on which the time for filing a timely appeal expired, *i.e.*, 30 days from entry of the judgment of conviction. *Randle v. Crawford*, 604 F.3d 1047, 1054–55 (9th Cir. 2010) (rejecting petitioner's argument that the "conclusion of direct review" in his case occurred on the date the Nevada Supreme Court dismissed his direct appeal as untimely).

Here, Petitioner's conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on September 29, 2021. Although he initiated a direct appeal, the Nevada Supreme Court found it was untimely filed and dismissed for lack of jurisdiction. The AEDPA limitations period began to run the day after time expired for Petitioner to file a timely appeal. Absent another basis for tolling or delayed accrual, the limitations period expired 365 days later on September 29, 2022. Although Petitioner filed the state petition on May 25, 2023, it was filed more than 7 months after the expiration of the AEDPA limitations period and thus could not have tolled an already expired deadline. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Therefore, without another basis for tolling or delayed accrual, the AEDPA deadline expired on September 29, 2022, and Petitioner's federal petition, filed more than 3 months later, is untimely on its face. Accordingly, Petitioner must show cause in writing within 30 days of the date of this order, why his petition should not be dismissed with prejudice as time-barred.

The one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high,

lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In addition, if Rios seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

### b.  Exhaustion

AEDPA requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state

court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears likely that the petition is wholly unexhausted in state court and is subject to dismissal without prejudice. Rios did not file a timely direct appeal of his judgment of conviction and he did not appeal the denial of his state habeas petition. Accordingly, Rios will be required to show cause in writing within 30 days of the date of this order, why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

**Conclusion**

I THEREFORE ORDER:

1. Petitioner Thomas Rios's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

2. The Clerk of the Court shall file the petition for writ of habeas corpus (ECF No. 1-1). The Clerk of the Court shall not serve Respondents with the habeas corpus petition at this time.

3. Petitioner must file within 30 days of the date of this order, a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed with prejudice as time-barred and based on his failure to exhaust his claims in Nevada Courts. Rios's response must be factually detailed, and, where possible, supported by exhibits.

4. If Rios fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further advance notice.

DATED this 1st day of February, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE