# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Thomas Rios,

    Petitioner

v.

Warden Williams,

    Respondents

Case No.: 2:24-cv-00059-APG-BNW

**Order Granting Petitioner's Motions to Extend and Denying Motion Requesting Production of Case File**

[ECF Nos. 8, 9, 10]

    Petitioner Thomas Rios, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254.  In February 2024, I instructed Rios to show cause why this petition should not be dismissed with prejudice as untimely and for failure to exhaust his claims in state court.  For the reasons discussed below, I grant Rios's motion to extend time to file his response to the order to show cause and I deny his motion for a court order for the production of documents and his case file.

    Rios seeks an extension of time to file his response to the order to show cause. ECF Nos. 8, 9.  I find that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

    In addition, Rios requests a court order for the production of documents, case file, police reports, toxicology reports, guilty plea transcripts, and court minutes. ECF No. 10.  I construe Rios's motion as a premature discovery request.  The court's review of a habeas petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018).  However, Rule 6(a) of the Rules

Governing Section 2254 Cases provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

To determine whether a petitioner has established "good cause" for discovery, the court identifies the essential elements of the substantive claim and analyzes whether "specific allegations show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy*, 520 U.S. at 908–09; *Roseberry v. Ryan*, 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018).

While conceivable that the request for records and photos might be relevant to deciding Rios's claims, the request is premature and potentially overbroad since the respondents have yet to file the state record in this case. Additionally, Rios provides no showing of good cause to support his request and his motion is denied.

I THEREFORE ORDER:

1. Petitioner Thomas Rios's motions to extend (ECF Nos. 8, 9) are GRANTED.  Rios has until **June 28, 2024**, to file his Response to Order to Show Cause, showing cause in writing why this action should not be dismissed with prejudice as time-barred and based on his failure to exhaust his claims in Nevada Courts.

2. Rios's motion for court order for production of documents (ECF No. 10) is denied.

3. If Rios fails to timely and fully comply with this order, I will dismiss this action without prejudice and without further advance notice.

DATED this 29th day of May, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE